UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMERCE POINT CAPITAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FIRST DATA CORPORATION, et al.,<br><br>Defendants. | Case No.:  19-CV-556 W (LL)<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE COUNTERCLAIM [DOC. 43]** |

Pending before the Court is Defendants' motion for leave to file a counterclaim against Plaintiff pursuant to Federal Rule of Civil Procedure 15(a)(2).  Plaintiff opposes.

The Court decides the matters on the papers submitted and without oral argument under Civil Local Rule 7.1(d)(1).  For the reasons stated below, the Court **GRANTS** the motion [Doc. 43].

//

//

//

## I. BACKGROUND

On July 18, 2018, Plaintiff filed its initial complaint in California state court alleging breach of contract and various tort claims relating to the alleged breach.

On March 26, 2019, Defendants removed the action to this Court. (*See Notice of Removal* [Doc. 1].)  On April 2, 2019, Defendants filed two motions to dismiss. Both motions were denied as moot in light of Plaintiff filing an amended complaint. Plaintiff subsequently filed a second amended complaint ("SAC"). In response to Plaintiff's SAC, Defendants filed three motions to dismiss. (*FDC MTD* [Doc. 17]; *FDMS MTD* [Doc. 18]; *Wells Fargo MTD* [Doc. 21].)

On December 20, 2019, the Court denied FDC and Wells Fargo's motions [Docs. 17, 21] and granted in part and denied in part FDMS's motion [Doc. 18]. On January 24, 2020, Defendants filed their Answer to the SAC. (*Answer* [Doc. 35].)

On April 3, 2020, Magistrate Judge Lopez issued a scheduling order that set a deadline for filing any motions to join other parties, amend the pleadings, or to file additional pleadings by June 1, 2020. (*Scheduling Order* [Doc. 50] ¶ 2.)

On March 19, 2020, Defendants FDMS and Wells Fargo moved for an order granting leave to file a counterclaim pursuant to Federal Rule of Civil Procedure 15(a). (*Mot. for Leave to File Countercl.* [Doc. 43].) On April 6, 2020, Plaintiff filed an Opposition to Defendants' motion for leave to file a counterclaim asserting multiple reasons why leave should not be granted. (*Pl.'s Opp'n* [Doc. 51].) On April 13, 2020, Defendants filed their Reply. (*Defs.' Reply* [Doc. 52].)

## II. LEGAL STANDARD

The decision about whether to grant leave to amend rests in the sound discretion of the district court. Pisciotta v. Teledyne Industries, Inc., 91 F.3d 1326, 1331 (9th Cir. 1996). However, under Federal Rule of Civil Procedure 15(a)(2), leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Factors considered in assessing the propriety of a motion for leave to amend are: (1) bad faith; (2) undue delay; (3)

prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended the complaint. Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004). The party opposing leave to amend bears the burden of demonstrating why leave should be denied. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987).

Federal Rule of Civil Procedure 13(e) provides that "[t]he court may permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading." The same factors used to assess the propriety of granting leave to amend a pleading also apply when a party seeks leave to file a counterclaim. See Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004); Hip Hop Beverage Corp. v. Ric Representacoes Importacao E Comercio, Ltd., 220 F.R.D. 614, 620 (C.D. Cal. 2003) (explaining "courts presented with motions for leave to amend a pleading to add an omitted counterclaim 'generally adhere [] to the liberal amendment policy of Rule 15' in deciding whether to grant the requested leave") (citations omitted); Kuschner v. Nationwide Credit, Inc., 256 F.R.D. 684, 689 (E.D. Cal. 2009) ("If leave to file a counterclaim has been timely sought under Rule 13(e), the court should grant it applying the same standard as that of an amendment under Rule 15.").

### III. DISCUSSION

Defendants seek leave to file a counterclaim to recover processing fees for the years 2018 and 2019 under the same contract that forms the basis of Plaintiff's claims in the SAC. As part of the contract, Defendants allege Plaintiff agreed to generate fees at least equal to 90% of the fees paid during the year previous. (*Mot. for Leave to File Countercl.* [Doc. 43] 2:8–11.) Failure to do so required Plaintiff to pay Defendants the difference. (*Id.* 2:11–13.) Defendants allege Plaintiff failed to generate sufficient fees in 2018 and 2019 and subsequently breached the contract by failing to pay Defendants the difference in processing fees for those years. (*Id.* 2:14–3:9.) Neither party disputes that

Defendants' claim is a compulsory counterclaim per Federal Rule of Civil Procedure 13(a).

As stated above, courts consider the following factors in determining whether to grant leave to file a counterclaim: (1) whether the party seeking to file the counterclaim has acted in bad faith; (2) undue delay; (3) whether the opposing party will be unduly prejudiced; and (4) the futility of the amendment. Johnson v. Buckley, 356 F.3d at 1077. The Court will take each factor in turn.

### A.   Bad Faith

Courts evaluate bad faith by determining whether the moving party seeks to prolong meritless litigation by adding baseless legal theories or if there is any evidence of wrongful motive. Griggs v. Pace Am. Grp., Inc., 170 F.3d 877, 881 (9th Cir. 1999). Plaintiff argues Defendants' proposed counterclaim is a ploy to protract litigation. (*Opp'n* [Doc. 51] 6:13–14.) At this stage of proceedings, the Court is disinclined to posit such a motive.

Here, neither party disputes that Defendants' claim is a compulsory counterclaim per Federal Rule of Civil Procedure 13(a). It arises out of the same contract as Plaintiff's claims and rests on similar facts as Defendants' Answer. Further, Defendants posit that the counterclaim did not accrue in part until after Defendants filed their Answer. Given that Defendants filed the motion less than two months after the Answer and prior to any discovery, it cannot be clearly established that Defendants are attempting to protract meritless litigation. Therefore, this factor weighs in favor of granting leave to file the counterclaim.

### B.   Undue Delay

"Undue delay is delay that prejudices the nonmoving party or imposes unwarranted burdens upon the court." Fresno Unified Sch. Dist. v. K.U. ex rel. A.D.U., 980 F. Supp. 2d 1160, 1176 (E.D. Cal. 2013). The nonmoving party is prejudiced when amendment

would increase their costs unnecessarily or hinder their ability to adequately respond to the new claim. <u>Morongo Band of Mission Indians v. Rose</u>, 893 F.2d 1074, 1079 (9th Cir. 1990).

Plaintiff argues Defendants knew or should have known the facts regarding the counterclaim and that there was no justification for the delay in pursuing it. Defendants assert the counterclaim did not arise in part until after Defendants filed their Answer.

As stated above, Defendants filed the instant motion less than two months after the Answer and prior to any discovery. Indeed, Defendants filed the motion before the cutoff date established by the scheduling order for additional pleadings. Although Defendants failed to include the counterclaim in their Answer, it may nevertheless be asserted now because Defendants allege the counterclaim did not arise in part until after they filed their Answer. Given the early state of this case and similarity in facts between Plaintiff's existing claims and Defendants' prospective one, the Court is unconvinced that Plaintiff's ability to respond will be hindered by unnecessary costs or inadequate time. Consequently, this factor weighs in favor of Defendants.

### C. <u>Prejudice to the Opposing Party</u>

Plaintiff argues inclusion of Defendants' counterclaim at this point would require a prejudicial shift in Plaintiff's litigation strategy. Defendants retort that Plaintiff cannot claim prejudice where Defendants filed the counterclaim before any significant matters have taken place and where Plaintiff admits the facts supporting the counterclaim are similar to those supporting Defendants' affirmative defense for offset.

Of all the factors, consideration of prejudice to the opposing party carries the most weight within the Ninth Circuit. <u>See</u> <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Absent prejudice, or a strong showing of any of the [other] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."). "In evaluating prejudice courts often consider whether relevant deadlines would have to be continued as a result of the new pleading, the stage of discovery at the

time of amendment, the extent to which additional discovery would have to be conducted, and the degree to which amendment may delay the proceedings." Imblum v. Code Corp., No. 316CV02110CABAGS, 2017 WL 3594569, at *2 (S.D. Cal. Aug. 21, 2017) (citing Johnson v. Serenity Transp., Inc., Case No. 14-cv-02004-JSC, 2015 WL 4913266, at *5 (N.D. Cal. Aug. 17, 2015) (collecting cases)).

Plaintiff has not adequately established that granting leave to add the counterclaim at this stage would require a drastic shift in litigation strategy. No deadlines would have to be continued, fact discovery has yet to begin, and very little additional discovery would have to be conducted given the similarity in facts supporting the counterclaim and existing claims and affirmative defenses. Accordingly, the absence of prejudice weighs in favor of granting leave to file the compulsory counterclaim.

### D. Futility of Amendment

A court may deny leave to amend if it appears to be futile or legally insufficient. See Carrico v. City & Cty. of San Francisco, 656 F.3d 1002, 1008 (9th Cir. 2001). The test of futility is the same standard used in considering the sufficiency of a pleading challenged under Rule 12(b)(6)." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988), implied overruling on other grounds by Ashcroft v. Iqbal, 556 U.S. 662 (2009). A court must accept the allegations in the pleading as true in considering the amendment. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996).

Plaintiff challenges Defendants' motion on the grounds that the counterclaim contradicts Defendants' twenty-second affirmative defense, in which they argue Plaintiff's claims are or may be barred by the doctrine of accord and satisfaction. At the same time, Plaintiff argues the counterclaim is redundant because Defendants have alleged a fourth affirmative defense for offset. Finally, Plaintiff asserts that the undisputed facts establish that this contract expired no later than August 31, 2013, and that Defendants cannot now sue for damages accrued in 2018 and 2019.

As an initial matter, that Defendants' counterclaim contradicts an affirmative defense, or is redundant of others, is immaterial. Alternative pleadings are proper under Rule 8 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency.").

Second, whether the contract at issue expired is not undisputed. Defendants allege Plaintiff renewed and extended the contract by continuing to perform pursuant to it. The Court is obligated to accept Defendants' allegations as true at this stage. See Cahill, 80 F.3d 337–38.

Construing Defendants' proposed counterclaim as true and drawing all reasonable inferences therefrom in Defendants' favor, the Court declines to find as a matter of law that amendment would be futile. Any further arguments regarding the merits of the underlying claim and disputed factual issues may be made via a motion to dismiss or at the summary judgment stage.

## IV.  CONCLUSION & ORDER

For the reasons stated above, the Court **GRANTS** Defendants' motion for leave to file the counterclaim [Doc. 43]. Defendant shall file the counterclaim **on or before June 8, 2020**.

**IT IS SO ORDERED.**

Dated:  June 4, 2020

_____
Hon. Thomas J. Whelan
United States District Judge